UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **LINDA DEVERNEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-3076** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for a New Trial (Doc. 44). For the following reasons, this Motion is **DENIED**.

### BACKGROUND

This case was removed from the Civil District Court for the Parish of Orleans on the basis of diversity jurisdiction. Plaintiff Linda Deverney was driving westbound on I-10 in Acadia parish when her vehicle was rear-ended by uninsured motorist Russel Darbonne. She filed suit against Defendant Government Employees Insurance Company in its capacity as her uninsured motorist carrier, alleging that she sustained injuries to her back, neck, both shoulders, hand, and right ankle. This matter was tried to a jury on July 25, 2016. On July 26, 2016, the jury returned a verdict assigning 50 percent fault

1

for the subject accident to Russel Darbonne and 50 percent fault to Plaintiff. The jury found that Plaintiff sustained $5,400 in damages. This jury award was fully offset by Defendant's earlier tenders, resulting in a take-nothing judgment in favor of Plaintiff. Plaintiff filed the instant Motion challenging the Jury's conclusions relative to the assignment of fault and the assessment of damages. Defendant opposes the Motion.

## LEGAL STANDARD

Rule 59 provides that on a motion filed by a party the court may "[g]rant a new trial on all or some of the issues - and to any party - as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[1] Rule 59(a) does not list out specific grounds for a new trial.[2] On the other hand, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[3] "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand."[4]

## LAW AND ANALYSIS

Plaintiff challenges the jury's verdict, arguing that its findings on liability and damages are both contrary to the clear weight of the evidence. "When all evidence is viewed in the light most favorable to the jury's verdict,

---

[1] Fed. R. Civ. P. 59(a)(1)(A).
[2] *See Id.*
[3] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).
[4] *Learmonth v. Sears, Roebuck and Co.*, 631 F.3d 724, 730 (5th Cir. 2011) (quoting *Foradori v. Harris*, 523 F.3d 477, 506–07 (5th Cir. 2008)) (internal quotations omitted).

the verdict must stand unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary conclusion.'"[5]  In this matter, the jury was presented with conflicting evidence as to the manner in which the accident in question occurred and whether Plaintiff's claimed injuries preexisted the accident.  As to both liability and damages, Plaintiff's case hinged largely on her own credibility.  It is apparent from the jury's verdict that it did not find Plaintiff to be a credible witness.  Such a finding is supported by the record.  In reviewing the evidence as a whole, the Court cannot conclude that the verdict is unsupported by the evidence.  Accordingly, Plaintiff's Motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for New Trial is **DENIED**.

New Orleans, Louisiana this 8th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *May v. Globalsantafe Drilling Co.*, No. CIV. A. 03-3539, 2007 WL 2728482, at *1 (E.D. La. Sept. 14, 2007) (quoting *Jones v. WalMart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir.1989)).